### DOYLE v. MANHATTAN RY. CO.

*(Supreme Court, General Term, First Department. March 13, 1891.)*

**1. APPEAL—DISCRETION OF TRIAL COURT—STRIKING OUT TESTIMONY.**
    In an action for personal injuries from an accident, plaintiff testified that, although never sick before the accident, he since then had had headaches and bad feelings in the morning; and a motion by defendant to strike out the testimony as to such bad feelings, because indefinite and not shown to be connected with the accident, was denied. *Held*, that this was not ground of reversal, the striking out of testimony admitted without objection being, to a certain degree, discretionary.

**2. DAMAGES—EVIDENCE.**
    Plaintiff further testified, against objection, that since the accident he had headaches every day. *Held*, that this was competent, as evidence of a physical fact which did not exist before the accident.

**3. SAME—EXPERT EVIDENCE.**
    Testimony, in an action for personal injuries from an accident, that the witness has observed a cast in the eye of plaintiff which was not there before the accident, is admissible, although the witness is not an expert, and although there is no evidence connecting such condition of the eye with the accident.

Appeal from circuit court, New York county.

Action by William T. Doyle, an infant, by John T. Doyle, his guardian *ad litem*, against the Manhattan Railway Company, for injuries to the person of plaintiff alleged to have been caused by negligence on the part of defendant. Such injuries were received from the same accident and under the same circumstances described in the case of *Weiler* v. *Railway Co.*, 6 N. Y. Supp. 320. Defendant appeals from a judgment for plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial.

  Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

  *Davies & Rapallo*, for appellant. *John C. McGuire*, for respondent.

VAN BRUNT, P. J.    All the principal points taken in this case having already been decided in the case of *Weiler* v. *Railway Co.*, 6 N. Y. Supp. 320, it is not necessary to rediscuss the same here.    There are one or two exceptions to evidence which it may be necessary to note.    The plaintiff testified that prior to the accident he had been healthy, and was never sick before the accident; and he was asked: "Since the accident, what has been your condition?"    His reply was: "I have headaches and bad feelings when I get up in the morning."    The defendant's counsel moved to strike out the answer as to the bad feelings when he gets up in the morning, on the ground that it was indefinite, uncertain, conjectural, and not shown to be connected with the accident, and that there was no proper basis for it.    The court denied the motion, and an exception was taken.    He was then asked: "*Question.* You say you have headaches since?    *Answer.* Yes.    *Q.* How frequently?"    The question was objected to upon the same ground, the objection overruled, and the witness answered: "Every day."    There seems to have been no error in refusing to strike out the testimony which was given because of which a new trial should be granted, because it is to a certain degree discretionary with the court as to whether evidence once admitted without objection shall be stricken out or not.    As to the next question, the witness was testifying to a physical fact which existed subsequent to the accident, and did not exist before.    Evidence of this character seems to be entirely competent.    Another witness was asked: "Have you observed the cast in your brother's eye at present?"    He answered, "Yes."    He was then asked: "Do you know whether or not that crossing or cast in his eye was there before the accident?"    This was objected to as irrelevant, and that there was no direct or expert evidence showing that the plaintiff had received any injury which was the cause of any such defect, and upon the further ground that it was not a matter for a lay witness to testify to.    This objection is clearly untenable.    Lay witnesses could testify to this physical fact with equal certainty as an expert could, and the fact that there was no evidence connecting this condition of the eye with the accident was no reason for its exclusion.    That was a question for the jury to determine whether, from the evidence, one could be deduced from the other.    The judgment should be affirmed, with costs.    All concur.